Anne Foster, OSB No. 993152
afoster@sfklegal.com
Samuel T. Smith, OSB No. 084772
ssmith@sfklegal.com
Jaimee King, OSB No. 146042
jking@sfklegal.com
Smith Foster King LLP
25 NW 23rd Pl., Suite 6 #125
Portland, OR 97210
(503) 567-7100
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KRISTINA THOMSEN, as conservator for MINOR T., a minor child,<br><br>Plaintiff,<br><br>v.<br><br>TOPGOLF USA HILLSBORO, LLC, a Delaware limited liability company, and TOPGOLF INTERNATIONAL, INC., a Delaware corporation,<br><br>Defendants. | Case No. 3:23-cv-01028-HZ<br><br>FIRST AMENDED COMPLAINT (Personal Injury – Negligence and Premises Liability)<br><br>JURY TRIAL DEMANDED |
| TOPGOLF USA HILLSBORO, LLC, a Delaware limited liability company, and TOPGOLF INTERNATIONAL, INC., a Delaware corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>KRISTINA THOMSEN, an individual, and DAVID THOMSEN, an individual,<br><br>Third-Party Defendants. | |

Plaintiff Kristina Thomsen ("Plaintiff"), as conservator for Minor T., a minor child, hereby states and alleges as follows:

PARTIES

1.

At all material times, Plaintiff and Minor T. are and were residents of Multnomah County, Oregon.

2.

At all material times, Defendant Topgolf USA Hillsboro, LLC ("TopGolf Hillsboro") was and is a Delaware limited liability company with its principal place of business in Dallas, Texas.

3.

At all material times, Defendant TopGolf International, Inc. ("TopGolf Intl.") was and is a Delaware corporation with its principal place of business located in Dallas, Texas.

FACTUAL ALLEGATIONS

4.

At all material times, Defendant TopGolf Hillsboro and Defendant TopGolf Intl. (hereinafter collectively "Defendants") were the owners, possessors, and/or operators of a golf-themed entertainment business located at 5505 NW Huffman St., Hillsboro, OR 97124 (the "Hillsboro Location"). The Hillsboro Location features a multi-level golf driving range, bar, restaurant, and various other amenities.

5.

Defendant TopGolf Intl. owns, possesses, controls, and/or operates approximately seventy (70) other TopGolf facilities across the United States. Each of these facilities is nearly identical to the Hillsboro Location with respect to its floor plans and layout, service offerings, and safety measures.

6.

On Defendants' website, they describe the Hillsboro Location as "a sports entertainment complex that features an inclusive, high-tech golf game that everyone can enjoy." Further,



SMITH FOSTER KING
— LLP —
25 NW 23rd Pl. Suite 6 #125
Portland, OR 97210
503.567.7100
www.smithfosterking.com

Defendants market their business to children and the parents of children, promising that the golf-themed activity they offer is safe for customers of all ages.

7.

At the Hillsboro Location, guests and/or groups of guests are assigned to a designated station, called a "bay." Each bay includes a hitting area (where customers swing golf clubs) and a seating area (where customers sit, eat, drink, watch tv, lounge, and/or socialize).

8.

In each bay, the hitting area and the sitting area are approximately 18 inches apart (or less), which is far shorter than the reach of a typical golf club.

9.

In each bay, there is a red line separating the hitting area from the sitting area, but no physical barrier or other safety device separating these spaces for the protection of customers in the bay, including children.

10.

In addition to this red line, there are small warning signs on the posts between each bay and directly above the red line. The signage is also obscured by large, angled touchscreens and is not visible unless the viewer is already in the zone of danger. This is especially true for minors and/or shorter guests. Further, the signage language is confusing and the accompanying images do not accurately reflect the potential dangers. Additional warning signage is either comically small, or ineffectively out-of-place.

11.

To the extent warnings or signs do exist, they are inadequate by reason of their small size and inconspicuous placement in relation to the large numerous televisions, computer monitors, loud music, and other distractions located in each bay at the Hillsboro Location.

12.

To the extent Defendants have safety rules for how customers are supposed to act while on the premises or while in the bays, those rules are not enforced at the Hillsboro Location, despite



SMITH FOSTER KING
— LLP —
25 NW 23rd Pl. Suite 6 #125
Portland, OR 97210
503.567.7100
www.smithfosterking.com

the fact that Defendants claim to assign at least one employee to each bay.

13.

The lack of safety features and rule enforcement at the Hillsboro Location is intentional and designed to promote a feeling of fun and whimsy at the expense of customer safety. In fact, several images from Defendants' own website display violations of the rules posted to that same website, including one image in which two children are shown playing in the hitting area while one holds a golf club. Furthermore, there is an entire genre of social media dedicated to sharing videos of unsafe hijinks at the Hillsboro Location as well as other TopGolf locations around the United States, about which Defendants are well-aware. Posts include imagery of customers pushing people off of the edge of the hitting area into the netting; guests voluntarily diving off the edge of the hitting area into the netting; guests taking a running start from the sitting area before entering the hitting area to strike a golf ball (akin to Adam Sandler from Happy Gilmore); guests juggling golf clubs or balls or both; and an unquantifiable amount of drunk and disorderly behavior.

14.

On November 11, 2021, Minor T. (a nine-year-old minor child) attended a friend's birthday party at Defendants' Hillsboro Location. At all material times, Minor T. was an invitee on the premises. Upon information and belief, the birthday party took place on the main/first floor of the Hillsboro Location in bays 210 and 211.

15.

During the birthday party, Minor T. was struck in the face, above his (right) eye, by a golf club. On information and belief, the golf club was swung by another guest at the party, a boy of approximately 9 or 10 years of age.

16.

As a result of the impact, Minor T. suffered an open depressed skull fracture, orbital roof fracture, cerebral hemorrhage, and traumatic brain injury. His injuries required emergency neurosurgery including implantation of three craniomaxillofacial titanium plates. In addition to



SMITH FOSTER KING
— LLP —
25 NW 23rd Pl. Suite 6 #125
Portland, OR 97210
503.567.7100
www.smithfosterking.com

these injuries, Minor T. also suffered facial pain and nausea.

17.

Following the date of the injury and continuing through today, Minor T. has suffered headaches, emotional lability, behavioral dysregulation, and occasional depressive symptoms. Furthermore, Minor T. suffers from anxiety specifically pertaining to his general health, future risk of injury, and how his prominent facial scar will be perceived by his peers and others.

18.

Prior to his injury, Minor T. was a talented athlete and participated in a variety of sports including baseball, hockey, skiing, swimming, and tennis. In addition to missing out on his favorite activities during his lengthy recovery time, Minor T. experienced anxiety regarding the increased risk of severe brain and/or head injury posed by his future participation in sports and athletic activities.

19.

On or before November 11, 2021, Minor T.'s parents were not provided with, nor asked to sign, any assumption of risk or waiver of liability form by Defendants as a condition of attending the birthday party or otherwise participating in the golf-themed activities at the Hillsboro Location.

20.

Prior to November 11, 2021, Defendants were well aware of the specific risk of serious injury, similar to that which befell Minor T., at all TopGolf locations nationwide (including the Hillsboro Location) due to the closeness of the seating area to the hitting area, the lack of physical barriers or other safety measures, and/or the lack of enforcement of their safety rules.

21.

Despite this awareness, Defendants made no changes to the Hillsboro Location prior to November 11, 2021, to protect customers in the sitting area from known risks of harm created by Defendants and which were existing on their premises.

/ / /

/ / /



SMITH FOSTER KING
— LLP —
25 NW 23rd Pl. Suite 6 #125
Portland, OR 97210
503.567.7100
www.smithfosterking.com

CLAIM FOR RELIEF

(Negligence – Premises Liability – All Defendants)

22.

Plaintiff incorporates all prior paragraphs as if fully set forth below.

23.

Defendants had a duty to provide a reasonably safe environment for its guests and invitees, including Minor T. Defendants also owed a heightened duty of care to Minor T., as well as other similarly situated invitees, due to the unreasonably dangerous nature of their service offerings and business model which cannot be encountered with reasonable safety even when not crossing the red line and/or when following all of Defendants' rules.

COUNT 1

(Negligent Failure to Warn/Instruct on Safety Rules)

24.

Defendants, by and through their agents and employees acting within the course and scope of their agency and/or employment, were negligent by breaching their duties of care in one or more of the following ways:

a. By failing to instruct the minor attendees of the birthday party, including but limited to Minor T., on Defendants' safety rules and policies, including any/all of Defendants' rules surrounding the purpose and importance of the red line described above;

b. By failing to instruct the adult hosts of the birthday party, Jim Watkins and Arthur Hung, on Defendants' safety rules and policies, including any/all of Defendants' rules surrounding the purpose and importance of the red line described above;

c. By failing to instruct Kristina Thomsen on Defendants' safety rules and policies, including any/all of Defendants' rules surrounding the purpose and importance of the red line described above;

d. By otherwise failing to adequately warn invitees and guests at the birthday party of the dangerous conditions about which Defendants knew or should have known; and



SMITH FOSTER KING
— LLP —
25 NW 23rd Pl. Suite 6 #125
Portland, OR 97210
503.567.7100
www.smithfosterking.com

e. By otherwise failing to adequately inform customers, including children, of Defendants' rules and policies to prevent foreseeable accidents and injuries that Defendants knew or should have known could occur on its premises.

25.

Defendants knew or should have known that their failure to warn/instruct, as alleged above, posed a serious risk of bodily injury to minor children.

COUNT 2

(Negligent Failure to Supervise and Enforce Safety Rules)

26.

Defendants, by and through their agents and employees acting within the course and scope of their agency and/or employment, were negligent by breaching their duties of care in one or more of the following ways:

a. By failing to adequately supervise the birthday party to ensure that all invitees, especially minor children, were following Defendants' rules and procedures, even though Defendants knew or should have known such failure could result in serious injury to minor children;

b. By taking no corrective action despite being aware that some minor attendees at the birthday party were violating some of Defendants' safety rules even though Defendants knew or should have known that violations of those rules could result in serious injury to minor children; and

c. By otherwise failing to enforce Defendants' rules and procedures with respect to customer safety and customer conduct on the premises, including rules to prevent serious injury to minor children.

27.

Defendants knew or should have known that their failure to supervise/enforce, as alleged above, posed a serious risk of bodily injury to minor children.



SMITH FOSTER KING
— LLP —
25 NW 23rd Pl. Suite 6 #125
Portland, OR 97210
503.567.7100
www.smithfosterking.com

COUNT 3

(Negligent Failure to Train/Supervise Employees)

28.

Defendants, by and through their agents and employees acting within the course and scope of their agency and/or employment, were negligent by breaching their duties of care in one or more of the following ways:

a. By failing to adequately train Defendants' employees and agents on the content and substance of Defendants' own rules and policies, especially those which relate to the safety of minor invitees on the premises;
b. By failing to adequately supervise Defendants' employees and agents to ensure they were enforcing Defendants' rules and policies, especially those which relate to the safety of minor attendees on the premises; and
c. By otherwise failing to adequately train or supervise Defendants' employees and agents even though Defendants knew or should have known that their failure to do so could result in serious injury to minor children.

29.

Defendants knew or should have known that their failure to train/supervise their own employees and agents, as alleged above, posed a serious risk of bodily injury to minor children.

COUNT 4

(Negligent Design)

30.

Defendants, by and through their agents and employees acting within the course and scope of their agency and/or employment, were negligent by breaching their duties of care in one or more of the following ways:

a. By failing to install adequate warning signs in safe and conspicuous locations around the Hillsboro Location, such that invitees, including minor children, would learn and appreciate the dangers of bodily injury about which Defendants were already aware;



SMITH FOSTER KING
— LLP —
25 NW 23rd Pl. Suite 6 #125
Portland, OR 97210
503.567.7100
www.smithfosterking.com

b. By installing and maintaining warning signs that were vague and confusing to minor children, even though Defendants were aware of the unreasonably dangerous condition of the premises;

c. By installing and maintaining warning signs that were in unsafe locations, such as a sign warning invitees not to cross the red line that was readable only if an invitee was already inside the zone of danger;

d. By failing to install physical safety barriers or other adequate safety measures between the hitting area and the seating area in the bays at all of their facilities, including the Hillsboro Location, even though Defendants knew or should have known created a risk of serious injury to minor children;

e. By designing an unreasonably dangerous area of the premises in which guests, including minor children, are swinging golf clubs as hard as they can, within just a foot or two of other guests, including other minor children, without including any sort of physical barrier between them; and

f. By otherwise designing an unreasonably dangerous area of the premises that failed to minimize contact between guests who were swinging a golfclub and others guests who were not.

31.

Defendants knew or should have known that their negligent design of the Hillsboro Location, as alleged above, posed a serious risk of bodily injury to minor children.

COUNT 5

(Negligent Failure to Take Reasonable Precautions)

32.

Defendants, by and through their agents and employees acting within the course and scope of their agency and/or employment, were negligent by breaching their duties of care in one or more of the following ways:

a. By failing to measure and provide the minor invitees at the birthday party with appropriate golf clubs of the appropriate length (rather than adult-length golf clubs) even though Defendants knew or should have known that minors using adult-length clubs increased the risk of accident and injury;

b. By failing to take reasonable steps in response to prior injuries and accidents (both at the Hillsboro Location and other TopGolf locations nationwide) to prevent the recurrence of those injuries and accidents; and

c. By failing to investigate the root causes of prior injuries and accidents (both at the Hillsboro Location and other TopGolf locations nationwide) and to take appropriate action to make the area safe for all guests including minor children;

d. By failing to take reasonable precautions to protect invitees, including minor children, from unreasonable risks of harm, given the arrangement and/or use of the premises;

e. By otherwise failing to exercise ordinary care to maintain reasonably safe premises for minor children, such as Minor T.

33.

Defendants knew or should have known that their failure to take reasonable precautions, as alleged above, posed a serious risk of bodily injury to minor children.

DAMAGES

34.

As a result of Defendants' negligent acts and omissions alleged above in Counts 1 through 5, Minor T. has suffered economic damages in the form of past and future medical expenses as well as lost future earning capacity in an amount to be proven at trial but no less than $5,000,000.

35.

As a result of Defendants' negligent acts and omissions alleged above in Counts 1 through 5, Minor T. suffered noneconomic damages in the form of pain, suffering, mental distress, emotional lability, behavioral dysregulation, anxiety, humiliation, stress, loss of sense of self, and



SMITH FOSTER KING
— LLP —
25 NW 23rd Pl. Suite 6 #125
Portland, OR 97210
503.567.7100
www.smithfosterking.com

interference with normal and usual activities in an amount to be proven at trial, but no less than $10,000,000.

PUNITIVE DAMAGES

36.

Defendants' acts and omissions alleged above in Counts 1 through 5 amount to a reckless and outrageous indifference to a highly unreasonable risk of harm and a conscious indifference to health, safety, and welfare of others, including children like Minor T. As such, Plaintiff is entitled to an award of punitive damages in an amount to be proven at trial.

* * *

WHEREFORE, Plaintiff prays for judgment in her favor, and against Defendants, as follows:

a. For an award of monetary damages in the amount of $15,000,000;

b. For an award of punitive damages an amount to be proven at trial;

c. For an award of costs and disbursements incurred herein; and

d. For such other relief the Court deems just and proper.

DATED: November 30, 2023.

SMITH FOSTER KING LLP

*/s/ Anne D. Foster*
Anne D. Foster, OSB No. 993152
Email: afoster@sfklegal.com
Samuel T. Smith, OSB No. 084772
Email: ssmith@sfklegal.com
Jaimee R. King, OSB No. 146042
Email: jking@sfklegal.com
Attorneys for Plaintiff



SMITH FOSTER KING — LLP —
25 NW 23rd Pl. Suite 6 #125
Portland, OR 97210
503.567.7100
www.smithfosterking.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing FIRST AMENDED COMPLAINT was served on:

Michael Yoshida
MB Law Group
117 SW Taylor St., Suite 200
Portland, OR 97204

Attorney for Defendants

- By hand delivery
- By first-class mail*
- By overnight mail
- By facsimile transmission
  Fax #:

■ By electronic means through the Court's Case Management / Electronic Case File system, which will send automatic notification of filing to each person listed above

■ By email: myoshida@mblglaw.com

* With first-class postage prepaid and deposited in Portland, Oregon.

DATED: November 30, 2023.

SMITH FOSTER KING LLP

Anne D. Foster, OSB No. 993152
Email: afoster@sfklegal.com
Samuel T. Smith, OSB No. 084772
Email: ssmith@sfklegal.com
Jaimee R. King, OSB No. 146042
Email: jking@sfklegal.com
Attorneys for Plaintiff